IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NORM HILL, | ) |
| Plaintiff | ) |
| v. | ) No. 04 C 0267 |
| | ) Judge Wayne R. Andersen |
| JACK ROBLES, DOUGLAS CANNON, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on defendants' motion to dismiss the plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The plaintiff alleges that the defendants' objections to his candidacy for the U.S. Senate were a "sham" and constitute a deprivation of his civil rights under 42 U.S.C. § 1983 and fraud. For the reasons set forth below, we grant the defendants' motion to dismiss.

## BACKGROUND

In December of 2003, plaintiff Norm Hill filed nominating petitions with 5,200 signatures with the Illinois State Board of Elections ("Board") for placement on the Republican ballot in the March 16, 2004 primary election for U.S. Senator. To be placed on the ballot, Hill had to file a minimum of 5,000 valid signatures in support of his candidacy. Defendant Jack Robles, who Hill alleges is a stand-in objector for an unnamed opponent, challenging the validity of 854 of Hill's signatures. After a State Officers Electoral Board review, a total of 628 objections were

1

sustained, leaving Hill with a total of 4,572 valid signatures, a figure that would have disqualified his candidacy.

Hill, however, moved to strike and dismiss Robles' objections for having failed to comply with the state law that requires objectors to state their interest in filing an objection. 10 ILCS 5/10-8 ("The objector's petition shall . . . state the interest of the objector . . . .") At a January 31, 2004 hearing, the Board unanimously voted to grant Hill's motion to strike and dismiss Robles' objections for failure to comply with 10 ILCS 5/10-8, certifying Hill's name on the ballot. The Circuit Court of Cook County affirmed the Board's dismissal of Robles' objections, and the Illinois Appellate Court affirmed the judgment of the circuit court. *Robles v. Hill, et al.*, No. 1-04-0512 (Ill. App. Ct. 2004).

On January 15, 2004, Hill filed this lawsuit alleging that "Robles [was] a 'dummy' or 'stand-in' objector for one of plaintiff's opponents, and defendant Cannon [his attorney] [was] well aware of the subterfuge and artifice being employed, and [was] actively aiding and abetting in Robles' fraud, all in violation of federal civil rights law." (Pl. Compl. ¶ 2d.) Hill demands $3 million in money damages and injunctive relief.

## STANDARD OF REVIEW

When reviewing a motion to dismiss the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Szumny v. Am. Gen. Fin., Inc.*, 246 F.3d 1065, 1067 (7th Cir. 2001). The purpose of a motion to dismiss is to test the sufficiency of the complaint and not to decide the merits of the challenged claims. *Weiler v. Household Fin. Corp.*, 101 F.3d 519, 524, n.1 (7th Cir. 1996). Dismissal is only proper when it appears beyond a doubt that plaintiff can prove no set of facts to support the allegations set

forth in the claim that would entitle her to relief. *Hernandez v. City of Goshen*, 324 F.3d 535, 537 (7th Cir. 2003).

## DISCUSSION

### I.  Civil Rights Violation Under § 1983

Hill does not specifically state the civil right he alleges has been violated in this case, but we are satisfied that he is alleging First and Fourteenth Amendment violations. In his complaint, he states that "[t]his lawsuit is premised on the precedent of *Smith v. Cherry*, 489 F.2d 1098 (7th Cir. 1974)," a case in which the plaintiff alleges First and Fourteenth Amendments violations. (Pl. Compl. ¶ 2b.)

In a § 1983 lawsuit in which the plaintiff names private individuals and not the government, the Seventh Circuit has held that the plaintiff must demonstrate that "(1) a state official and at least one private individual shared a common, unconstitutional goal in that a conspiracy or an understanding existed between the public and private actors to violate the plaintiff's constitutional rights, and (2) the private individual(s) were 'willful participants in joint activity with the State or its agents.'" *Spencer v. Ill. Comm. Action Assn., et al.*, No. 01-3797, 2002 U.S. App. LEXIS 22403, at *5 (7th Cir. Oct. 24, 2002)(internal citation omitted).

Here, the plaintiff fails to allege the defendants conspired with or had an understanding with state officials to violate his civil rights. Hill states in his complaint that "he does not know for certain who is behind the machinations of the defendants, [but] he believes it is one of his opponents . . . who is using surreptitious front men to attack plaintiff in violation of the Federal Election Campaign Act." (Pl. Compl. ¶ 2e.) Even if we accept the plaintiff's statement that defendants conspired with one of his opponents to attack his nominating papers, he fails to allege

the defendants engaged with state officials in filing their "sham" objections. Because Hill has failed to state facts in his complaint that defendants acted under color of state action in depriving him of his First and Fourteenth Amendment rights, his § 1983 claim cannot survive the defendants' motion to dismiss.

## CONCLUSION

For the foregoing reasons, we grant the defendant's motion to dismiss [11-1]. We decline to exercise supplemental jurisdiction over the plaintiff's remaining fraud claim pursuant to 28 U.S.C. § 1367(c)(3).

It is so ordered.

/Wayne R. Andersen
United States District Judge

Dated: February 23, 2005