IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NORM HILL, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) No. 04 C 0267 |
| | ) Judge Wayne R. Andersen |
| JACK ROBLES, | ) |
| DOUGLAS CANNON, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the following motions: 1) defendants' motion to dismiss the plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6); 2) defendants' motion for sanctions pursuant to Federal Rule of Civil Procedure 11 ("Rule 11"), criminal contempt, and costs, pursuant to 28 U.S.C.A §1927; and 3) defendants' motion for disqualification of plaintiff's attorney. The plaintiff alleges that the defendants' objections to his candidacy for the U.S. Senate were a "sham" and constitute a deprivation of his civil rights under 42 U.S.C. § 1983 and fraud. For the reasons set forth below, we grant the defendants' motion to dismiss and deny defendant's remaining motions.

## BACKGROUND

In December of 2003, plaintiff Norm Hill filed nominating petitions containing 5,200 signatures with the Illinois State Board of Elections ("IBOE") for placement on the Republican ballot in the March 16, 2004 primary election for U.S. Senator. To be placed on the ballot, Hill had to file

1

a minimum of 5,000 valid signatures in support of his candidacy. Defendant Jack Robles challenged the validity of 854 of Hill's signatures. Hill claims that Robles was a stand in objector for General John Borling, who was also a candidate for the United States Senate. After an IBOE review, a total of 628 objections were sustained, leaving Hill with a total of 4,572 valid signatures, a figure that would have disqualified his candidacy.

Hill, however, moved to strike and dismiss Robles's objections for having failed to comply with the state law that requires objectors to state their interest in filing an objection. 10 ILCS 5/10-8 ("The objector's petition shall . . . state the interest of the objector . . . .") At a January 31, 2004 hearing, the IBOE unanimously voted to grant Hill's motion to strike and dismiss Robles's objections for failure to comply with 10 ILCS 5/10-8, certifying Hill's name on the ballot. The Circuit Court of Cook County affirmed the IBOE's dismissal of Robles's objections, and the Illinois Appellate Court affirmed the judgment of the circuit court. *Robles v. Hill, et al.*, No. 1-04-0512 (Ill. App. Ct. 2004). Accordingly, Hill's name was placed on the Republican primary ballot.

On January 15, 2004, Hill filed a *pro se* Complaint ("First Complaint") alleging that "Robles [was] a 'dummy' or 'stand-in' objector for one of plaintiff's opponents, and defendant Cannon [his attorney] [was] well aware of the subterfuge and artifice being employed, and [was] actively aiding and abetting in Robles' fraud, all in violation of federal civil rights law." Hill demanded $3 million in money damages and injunctive relief in that complaint. This Court dismissed Hill's first Complaint on February 23, 2005. On April 28, 2005 Hill, through his attorney, Craig Simmons, filed what was labeled "Amended Complaint (Draft)" ("Second Complaint"), in which he referenced *Smith v. Cherry*, 489 F.2d 1098 (7th Cir. 1973), a case cited by this Court in its Memorandum Opinion and Order dismissing the First Complaint. Hill contends that *Smith v. Cherry* provides a

basis upon which he can proceed with his Second Complaint, which contains the same substantive allegations as the First Complaint.

## STANDARD OF REVIEW

When reviewing a motion to dismiss the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Szumny v. Am. Gen. Fin., Inc.*, 246 F.3d 1065, 1067 (7th Cir. 2001). The purpose of a motion to dismiss is to test the sufficiency of the complaint and not to decide the merits of the challenged claims. *Weiler v. Household Fin. Corp.*, 101 F.3d 519, 524, n.1 (7th Cir. 1996). Dismissal is only proper when it appears beyond a doubt that plaintiff can prove no set of facts to support the allegations set forth in the claim that would entitle her to relief. *Hernandez v. City of Goshen*, 324 F.3d 535, 537 (7th Cir. 2003).

## DISCUSSION

### I. Civil Rights Violation Under 18 U.S.C. § 1983

In granting defendants' motion to dismiss the First Complaint, we said:

> Here, the plaintiff fails to allege the defendants conspired with or had an understanding with state officials to violate his civil rights. Hill states in his complaint that "he does not know for certain who is behind the machinations of the defendants, [but] he believes it is one of his opponents ... who is using surreptitious front men to attack plaintiff in violation of the Federal Election Campaign Act." (Pl. Compl. ¶ 2e.) Even if we accept the plaintiff's statement that defendants conspired with one of his opponents to attack his nominating papers, he fails to allege the defendants engaged with state officials in filing their "sham" objections. Because Hill has failed to state facts in his complaint that defendants acted under color of state action in depriving him of his First and Fourteenth Amendment rights, his § 1983 claim cannot survive the defendants' motion to dismiss.

*Hill v. Robles et al.*, No. 04 C 0267 at Pg. 3-4 (N.D. Ill. Feb. 23, 2005)

Hill's Second Complaint cited *Smith v. Cherry* and argued that "if *Cherry* remains good law (and according to my research it still is), then the *Cherry* circumstances represent an exception to

3

the bulk of case law holding that an agreement or willful joint activity must exist between private and state actors." We do not read *Cherry* to limit in any way the requirement that a §1983 plaintiff must allege that a state actor was responsible for his or her harm in order to state a valid claim for relief. The *Cherry* Court noted that the plaintiff "was said to have been deprived of his freedom to participate in the primary 'without unlawful interference by the defendant Committeemen *acting under color of law*,'" *Cherry*, 489 F.2d at 1100 (emphasis added), and cited the 1971 statute that granted authority to the defendant Committeemen.

Additionally, Hill seeks to establish state action by alleging that "the [IBOE] and the Illinois Courts (state actors) became unwitting participants in the Defendants' fraud and conspiracy." However, this does not state a claim for relief under 18 U.S.C. §1983. The Seventh Circuit has emphasized that in order to "establish §1983 liability through a conspiracy theory, a plaintiff must demonstrate that [] a state official and private individual(s) reached an understanding to deprive the plaintiff of his constitutional rights" and "those individuals were willful participants in joint activity with the State or its agents." *Williams v. Seniff*, 342 F.3d 774, 785 (7th Cir. 2003) (internal citations and quotations omitted). Since Hill does not alleged that state actors were willful participants in any effort to violate his rights, he failed to satisfy the requirements of §1983.

Moreover, Hill's allegation that the IBOE and Illinois Courts became "unwitting participants in the Defendants' fraud and conspiracy" does not comport with the legal requirements of a conspiracy. In order for an individual to become a participant in a conspiracy, he or she must reach an agreement with another individual to engage in an unlawful, overt act in furtherance of the conspiracy. *Amundsen v. Chicago Park District*, 218 F.3d 712, 718 (7th Cir. 2000). As such, it is not possible for a defendant to become a "participant in a conspiracy" without agreeing to some

illegal act.

In addition to the fact that Hill points to no state actor, he has also not suffered any damages stemming from his §1983 claim. Hill points out in both his First and Second Complaints that he prevailed before the IBOE, the Circuit Court of Cook County, and the Illinois Appellate Court. Hill was not denied the right to be candidate on the ballot for the Republican Senatorial primary. Accordingly, any damages Hill may have suffered in terms of lost endorsements or fund-raising ability due to the challenge to his nominating petition was not the result of state action. The state action, which dismissed the objections to Hill's petition and placed Hill on the primary ballot, aided Hill.

## II. Motion For Sanctions and Disqualification

Defendants have also moved for sanctions on a number of grounds. However, the record before us does not support sanctions. Accordingly, the motion for sanctions is denied. Additionally, since defendants' motion for disqualification was based primarily on the pending motion for sanctions, that motion is denied as moot.

## CONCLUSION

For the foregoing reasons, we grant the defendant's motion to dismiss [34-1], deny the defendants' motion for disqualification [35-1], and deny the defendants' motion for sanctions [36-1]. We decline to exercise supplemental jurisdiction over the plaintiff's remaining fraud claim pursuant to 28 U.S.C. §1367(c)(3). This is a final and appealable order.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: November 18, 2005